I concur in the affirmance of the child-support and property-division awards, but I dissent as to the visitation issue. Section 30-3-135, Ala. Code 1975, allows the trial court much flexibility in structuring the visitation rights of a parent who has committed domestic violence. That section permits the trial court to order that visitation occur in a protected setting or that it be supervised. See § 30-3-135(b)(1) and (2). It allows the trial court to require the perpetrator of family violence to post a bond, pay the cost of supervised visitation, or complete a program of intervention or counseling. See §30-3-135(b)(3), (5) and (7); E.M.C. v. K.C.Y., 735 So.2d 1225, 1230
(Ala.Civ.App. 1999) (affirming a judgment prohibiting visitation "until the father obtain[s] professional counseling"). The statute specifically authorizes the trial court to prohibit overnight visitation. See §30-3-135(b)(6). I do not believe, however, that § 30-3-135 permits the trial court to deny visitation altogether unless the court finds that "adequate provision for the safety of the child [cannot] be made." See
§ 30-3-135(a).
In this case, the trial court has effectively denied visitation by leaving to the children the unilateral decision whether "to visit their father . . . as they so desire." That provision in the court's order is unsupported by any finding that the children's safety cannot be adequately provided for. It is supported only by testimony that the daughter "did not want to visit her father" because he was "mean to her mother."
Because I believe the court's visitation order was unsupported by the evidence, unauthorized by the relevant statute, and *Page 975 
unnecessarily punitive, I would reverse the judgment insofar as it relates to visitation and remand the cause with directions to craft a visitation order in compliance with § 30-3-135.